# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES CUNNINGHAM and TABATHA CUNNINGHAM | § § § § § § § § | |
| | | Civil Action No. 4:18-CV-4 |
| v. | | Judge Mazzant |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Allstate Vehicle and Property Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #3). Having reviewed the motion and relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs James and Tabatha Cunningham obtained a homeowner's insurance policy, Policy No. 836916921 ("the Policy"), from Defendant Allstate Vehicle and Property Insurance Company ("Allstate"), which was effective from May 18, 2016 to May 18, 2017. The Policy contained, in relevant part, the following clause:

> 13. **Action Against Us**
> No one may bring an action against **us** in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which **Section I Conditions** applies, unless:
>
> . . .
>
> c) in the event that **you** and **we** fail to agree on the amount of loss claimed by **you**, unless **you** have previously provided to **us** a signed sworn proof of loss, it is a condition under this **Action Against Us** provision that no later than 91 days prior to commencing any action against **us** that **we** receive from **you** a signed sworn proof of loss . . .

(Dkt. #3, Exhibit A at p. 40).

On or about July 4, 2016, and April 10, 2017, Plaintiffs' house, the property covered under the Policy ("the Property"), allegedly suffered damages during a hail and/or windstorm. On June 27, 2017, Plaintiffs reported the claims to Allstate. On July 2, 2017, Defendant inspected the Property. Plaintiffs requested a re-inspection, which Defendant denied. Without providing any proof of loss in accordance with clause 13(c) contained in the Policy ("the POL clause"), Plaintiffs filed suit in the Eastern District of Texas on January 3, 2018.

On January 26, 2018, Defendant filed the present motion to dismiss for lack of subject matter jurisdiction (Dkt. #3). Plaintiffs filed a response on February 9, 2018 (Dkt. #6). Defendant filed its reply on February 16, 2018 (Dkt. #7).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and

challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendant moves to dismiss Plaintiffs' claim based on the POL Clause contained in the Policy. The POL Clause provides that an insured may not bring suit against Defendant earlier than ninety-one days after the insured submits a signed and sworn proof of loss to Defendant. The parties agree that Plaintiffs did not submit a signed and sworn at least ninety-one days prior to filing suit.

The Eastern District of Texas has considered the enforceability of the POL Clause at least four times since February 2017. *See Presswood v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-cv-958-ALM-KPJ, 2017 WL 7051074, at *2 (E.D. Tex. Aug. 11, 2017), *report and recommendation adopted by*, 2017 WL 3940525 (E.D. Tex. Sept. 7, 2017); *Wilson v. Allstate Ins. Co.*, No. 4:16-cv-970-ALM-CAN, 2017 WL 3671861, at *3 (E.D. Tex. Mar. 5, 2017), *report and recommendation adopted by*, 2017 WL 1313854 (E.D. Tex. Apr. 10, 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-cv-103, 2017 WL 1294453, at *3 (E.D. Tex. Apr. 4, 2017); *Polen v. Allstate & Prop. Ins. Co.*, No. 4:16-cv-842, 2017 WL 661836, at *2–*3 (E.D. Tex. Feb. 17, 2017). In these cases, Defendant[1] moved for dismissal based on lack of subject matter jurisdiction, dismissal for failure to state a claim upon which relief can be granted, and summary judgment based on an identical POL Clause. The Court denied these requests in all four cases.

---

[1] Allstate is the defendant in all four previous cases and the current case.

In denying the requests, the Court noted that, in Texas, a sworn proof of loss used to be a condition precedent and the plaintiff was required to show either, waiver or substantial compliance with the condition precedent. *Presswood*, 2017 WL 7051074, at *3 (citations omitted); *Wilson*, 2017 WL 3671861, at *3 (citations omitted); *Lopez*, 2017 WL 1294453, at *3 (citing *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987)); *Polen*, 2017 WL 661836, at *3 (citing *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987)). However, the Court observed that the Texas Supreme Court more recently "adopted a broad notice-prejudice rule." *Polen*, 2017 WL 661836, at *3 (citing *PAJ, Inc. v. Hanover Inc.*, 243 S.W.3d 630, 635 (Tex. 2008)); *accord Presswood*, 2017 WL 7051074, at *3 (citations omitted); *Wilson*, 2017 WL 3671861, at *3 (citations omitted); *Lopez*, 2017 WL 1294453, at *3 (citations omitted). "Under Texas's notice-prejudice rule, the insurer must be able to show prejudice caused by the insured's failure to comply with the contract regardless of whether the terms at issue is a covenant, condition precedent, exclusion or provision." *Polen*, 2017 WL 661836, at *3 (citing *PAJ, Inc.*, 243 S.W.3d at 635); *accord Presswood*, 2017 WL 7051074, at *3 (citations omitted); *Wilson*, 2017 WL 3671861, at *3 (citations omitted); *Lopez*, 2017 WL 1294453, at *3 (citations omitted). As the Court acknowledged in the four previous cases, the Texas Supreme Court based the notice-prejudice rule on two lines of reasoning. *Presswood*, 2017 WL 7051074, at *3; *Wilson*, 2017 WL 3671861, at *3–*4; *Lopez*, 2017 WL 1294453, at *3–*4; *Polen*, 2017 WL 661836, at **3.

"First, '[c]onditions are not favored in the law'"; therefore, "[c]ourts read provisions to avoid forfeiture." *Polen*, 2017 WL 661836, at *3 (quoting *PAJ, Inc.*, 243 S.W.3d at 636); *accord Presswood*, 2017 WL 7051074, at *3 (citations omitted); *Wilson*, 2017 WL 3671861, at *4 (citations omitted); *Lopez*, 2017 WL 1294453, at *4 (citations omitted). Treating the POL clause

to be a covenant as opposed to a condition, "requires Allstate to prove that Plaintiffs' noncompliance was a material breach, thus avoiding the harsh consequences of a condition." *Polen*, 2017 WL 661836, at *3; *accord Presswood*, 2017 WL 7051074, at *3; *Wilson*, 2017 WL 3671861, at *4; *Lopez*, 2017 WL 1294453, at *4.

The second line of reasoning is that "the proof of loss of provision is not an essential part of the bargained for exchange in an occurrence based policy [because a]n insurance policy covers the insured for acts or omission that occur within the policy, regardless of whether the claim is brought to the attention of the insured or made known to the insurer during the policy period." *Polen*, 2017 WL 661836, at *3 (citing *Matador Petroleum Corp. v. St. Paul Surplus Lines Ins.*, 174 F.3d 53, 648 n.2 (5th Cir. 1999)); *accord Presswood*, 2017 WL 7051074, at *3 (citation omitted); *Wilson*, 2017 WL 3671861, at *4 (citation omitted); *Lopez*, 2017 WL 1294453, at *4 (citation omitted). The policy in the four previous cases in the Eastern District of Texas were occurrence policies, much like the Policy in this case. As such, the Court previously determined that Defendant had to show actual prejudice from the untimely notice of the suit, and likewise must do so here. *Presswood*, 2017 WL 7051074, at *3 (citations omitted); *Wilson*, 2017 WL 3671861, at *4 (citations omitted); *Lopez*, 2017 WL 1294453, at *4 (citing *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987)); *Polen*, 2017 WL 661836, at *3 (citing *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987)).

> "A showing of prejudice generally requires a showing that one of the recognized purposes has been impaired." *Blanton v. Vesta Lloyds Ins.*, 185 S.W.3d 607, 615 (Tex. App.—Dallas 2006, no pet.). The purpose of requiring a sworn proof of loss is to enable the insurer "to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Hanover Ins. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). However, "an insurer must offer 'more than the mere fact that it cannot employ its normal procedures in investigating and evaluating the claim.'" *Hamilton Props. v. Am. Ins.*

5

> *Co.*, Civil Action No. 3:12-CV-5046-B, 2014 WL 3055801, at *9 (N.D. Tex. July 7, 2014) (quoting *Trumble Steel Erectors, Inc. v. Moss*, 304 F. App'x 236, 244 (5th Cir. 2008) (per curiam)).

*Polen*, 2017 WL 661836, at *3; *accord Presswood*, 2017 WL 7051074, at *3 (citation omitted); *Wilson*, 2017 WL 3671861, at*4 (citation omitted); *Lopez*, 2017 WL 1294453, at *4 (citation omitted). In the four previous cases, the Court found that Defendant could not possibly be prejudiced because filing suit earlier than designated by the POL clause actually ensured that the occurrence was even fresher in the minds of the witnesses and further that the complaint worked as substantial compliance with the POL clause requirement. *Presswood*, 2017 WL 7051074, at *4; *Wilson*, 2017 WL 3671861, at *4; *Lopez*, 2017 WL 1294453, at *4; *Polen*, 2017 WL 661836, at *3. The Court noted that Defendant's only loss was "its expectation of a head-start to litigation via a proof of loss[, and t]his alone cannot establish prejudice for Allstate, and Allstate has not provided any other reasons that it was prejudiced." *Polen*, 2017 WL 661836, at *3; *accord Presswood*, 2017 WL 7051074, at *4 (citation omitted); *Wilson*, 2017 WL 3671861, at *4 (citation omitted); *Lopez*, 2017 WL 1294453, at *4 (citation omitted). The Court similarly finds that Defendant did not establish prejudice in this case.

Despite the Eastern District of Texas's prior decisions, Defendant presents two arguments to support why the Court should grant its motion to dismiss. First, Defendant argues that the Texas Legislature recognizes a party's ability to contractually require pre-suit notification as a condition precedent to suit in Texas Civil Practice and Remedies Code Section 16.071(a). Second, Defendant maintains that the Texas Supreme Court's decision in *PAJ* is inapposite to the case at bar. The Court is unpersuaded. While the facts of the *PAJ* decision may be different, the policy is the same: conditions are not favored in the law and timely notice is not a bargained-for exchange in an occurrence policy. Nothing in the *PAJ* case indicates that its reasoning would not apply to

the current set of facts. Moreover, Texas Civil Practice and Code Section 16.071(a) was in effect at the time the Texas Supreme Court issued the *PAJ* decision. TEX. CIV. PRAC. & REM. CODE § 16.071. Accordingly, while the Texas Civil Practice and Remedies Code allows for a party to include pre-suit notification as a condition precedent, the Texas Supreme Court also clarified that conditions are not favored and courts are to read provisions to avoid forfeiture. *PAJ, Inc.*, 243 S.W.3d at 636. Accordingly, in certain circumstances, such as the ones presented here, the insurer must also show that the insured's failure to comply with the notification resulted in prejudice. Here, Defendant has failed to make such a showing.

## CONCLUSION

It is therefore **ORDERED** that Defendant Allstate Vehicle and Property Insurance Company's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #3) is hereby **DENIED**.

**SIGNED this 1st day of May, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE